UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: YOSEMITE NATIONAL PARK
HANTAVIRUS LITIGATION  MDL No. 2532


**TRANSFER ORDER**


**Before the Panel:** Pursuant to 28 U.S.C. § 1407, the United States of America moves to centralize this litigation in the Eastern District of California.  This litigation currently consists of four actions pending in the Eastern District of California, the Northern District of California, and the Middle District of Pennsylvania, as listed on Schedule A.[1]  These actions involve claims for personal injury and wrongful death arising from a hantavirus outbreak in Yosemite National Park in the summer of 2012.

The concessionaire defendants[2] support centralization.  They and the United States alternatively support centralization in the Northern District of California, should the Eastern District of California be unavailable as a transferee district.  In contrast, plaintiffs in three of the actions oppose centralization, as do the plaintiffs in one of the potential tag-along actions.  Two of these plaintiffs alternatively support transfer to the Northern District of California.  The plaintiffs in the fourth action on the motion (who are also plaintiffs in the other potential tag-along action) take no position on the merits of the Section 1407 motion, but if the motion is granted, they too support transfer to the Northern District of California.

Plaintiff argue, *inter alia*, that centralization is unnecessary because any common factual questions in these actions are not complex.  We find, however, that not only will these actions involve common questions with regard to the alleged negligence of the defendants, but it is anticipated that the United States will assert jurisdictional defenses under the Federal Tort Claims Act (FTCA).  In our experience, such defenses—in particular, the assertion of the "discretionary function" and "independent contractor" exceptions to the FTCA—often entail complicated and lengthy discovery practice.  Such discovery will be common across all the actions.

---

[1] The parties have notified the Panel of two additional related actions pending in the Eastern District of California.  These actions and any other related actions are potential tag-along actions.  *See* Panel Rule 7.1.

[2] The concessionaire defendants include:  Delaware North Companies, Inc.; Delaware North Companies Park and Resorts, Inc.; DNC Parks and Resorts at Yosemite, Inc.; and DNC Parks and Resorts Reservations, Inc.

-2-

Additionally, plaintiffs contend that they have agreed among themselves to cooperate and coordinate discovery so as to avoid unnecessary duplication and inconvenience. Discovery, though, already has involved numerous document requests, several depositions, and subpoenas of various third-party witnesses—including three members of Congress. While we applaud any voluntary efforts at coordinating the litigation made by counsel, we are not convinced in this instance that plaintiffs' proposed discovery plan is a workable substitute for centralization. Transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, and it ensures that pretrial proceedings will be conducted in a streamlined manner leading to the just and expeditious resolution of all the actions to the overall benefit of the parties and the judiciary. *See In re Royal Alliance, Inc., Sec. Litig.*, 856 F. Supp. 2d 1339, 1340 (J.P.M.L. 2012).

Accordingly, on the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that plaintiffs or their decedents were infected with hantavirus while staying in "Signature" tent cabins at the Curry Village campsite in Yosemite National Park during the summer of 2012. Plaintiffs in all the actions allege that the National Park Service and the concessionaire defendants failed to maintain the Curry Village campsite properly so as to prevent the risk of infection by hantavirus, which is carried by deer mice, and to warn park visitors of the risk of hantavirus exposure. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee district for pretrial proceedings in this litigation. With the exception of plaintiffs in one action, all the parties support transfer to this district, at least in the alternative. The Northern District of California is an accessible and convenient forum—both for witnesses located in or near Yosemite National Park and for parties located across the country. Moreover, by assigning this litigation to the Honorable Maxine M. Chesney, we are selecting an experienced transferee judge who is not presently presiding over a multidistrict litigation.

-3-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Maxine M. Chesney for coordinated or consolidated pretrial proceedings.

                    PANEL ON MULTIDISTRICT LITIGATION

                    _____
                           John G. Heyburn II
                           Chairman

| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Sarah S. Vance |
| Ellen Segal Huvelle | R. David Proctor |

IN RE: YOSEMITE NATIONAL PARK          MDL No. 2532
HANTAVIRUS LITIGATION

## SCHEDULE A

<u>Eastern District of California</u>

MANN, ET AL. v. UNITED STATES OF AMERICA, C.A. No. 1:13-01827

<u>Northern District of California</u>

HARRISON, ET AL. v. DNC PARKS & RESORTS AT YOSEMITE, INC., ET AL.,
    C.A. No. 3:14-00451
BADANI, ET AL. v. DELAWARE NORTH COMPANIES, INC., ET AL.,
    C.A. No. 3:14-00591

<u>Middle District of Pennsylvania</u>

GARISTO, ET AL. v. UNITED STATES OF AMERICA, ET AL., C.A. No. 4:13-02611