UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: YOSEMITE NATIONAL PARK HANTAVIRUS LITIGATION | Case No. 14-md-02532-MMC   (KAW) |
| THIS DOCUMENTS RELATES TO: ALL CASES | **ORDER REGARDING DECEMBER 29, 2014 JOINT LETTER** Re: Dkt. No. 79 |

This multidistrict litigation involves claims for personal injury and wrongful death arising from a hantavirus outbreak in Yosemite National Park during the summer of 2012. The parties to these actions have filed a joint discovery letter asking for the Court's assistance with resolving two issues: (1) the scheduling of an unspecified[1] number of depositions currently set for the week of January 12, 2015 and (2) an extension of the January 30, 2015 deadline to respond to the Government's motion to dismiss for lack of subject matter jurisdiction.

Defendants Delaware North Companies, Inc., Delaware North Companies Parks & Resorts, Inc., DNC Parks & Resorts at Yosemite, Inc., and DNC Parks & Resorts Reservations, Inc. (collectively, the "DNC Defendants") state that on December 19, the Government "produced ESI containing 45,434 records, consisting of 282,281 pages." (Joint Ltr. at 3.) The Government

---

[1] The Court is unable to determine the number of depositions scheduled for that week. In one part of the joint letter, the DNC Defendants write that the "U.S. designated 3 witnesses." Joint Ltr. at 1. In other paragraph, they write that the Government stated it would produce "ESI records from the directories of the four U.S. deponents." *Id.* at 2-3. The parties did not provide copies of the deposition notices at issue, though this Court's General Standing Order requires that parties do so. *See* General Standing Order ¶ 13 ("[T]he parties shall attach the propounded discovery and the applicable responses as exhibits to the joint discovery letter.").

1    apparently represented that it would produce additional documents, which it expects to do by the
2    end of January.  *(Id.)*  Despite this recent voluminous production, and the outstanding discovery,
3    the Government has declined to reschedule the depositions, which are scheduled for the week of
4    January 12, 2015.  According to the DNC Defendants, the scheduled depositions relate to a
5    number of topics relevant to the factual issues raised in the Government's motion to dismiss.  (*Id.*
6    at 1.)

7        It is undisputed that the Government recently produced a substantial amount of ESI.  (*See*
8    Joint Ltr. at 3 ("On December 19, the U.S. produced ESI containing 45,434 records, consisting of
9    282,281 pages."); *see also id.* at 5 ("Recently, the U.S. even produced 280,000 pages of
10   electronically stored information (ESI) from the four witnesses pursuant to the parties' request.").)
11   While the Government advances arguments about the appropriate scope of discovery at this stage
12   in this litigation, it misses the point.  Here, the Government has produced a substantial volume of
13   material from its designated witnesses.  The Government did not move for a protective order to
14   excuse it from producing these materials.  It produced them, and it is not persuasive to now argue
15   that the propounding parties are not entitled to a fair opportunity to review the documents because
16   the documents fall outside the scope of permissible discovery.  That challenge could have been
17   timely raised and would have potentially mooted the issues the Court must now resolve.

18       The Court also rejects the Government's argument that it "continues to incur the high costs
19   and burdens of discovery over claims to which it has retained its immunity from suit."  (*Id.* at 7.)
20   Permitting the propounding parties to review the information the Government has produced will
21   not increase costs or impose a burden for a simple reason—the Government has already produced
22   it.  Granting an appropriate extension, then, will only facilitate the outcome the Government
23   claims it wants—a ruling on its motion that is made "on the merits and all of the relevant
24   evidence." *(Id.)*

25       For the reasons set forth above, the depositions currently scheduled for the week of
26   January 12, 2015 are to be taken off calendar.  The Government shall produce any outstanding
27   discovery by no later than January 30, 2015.  All depositions shall be completed by no later than
28   March 13, 2015.  The new deadline for responses to the Government's motion to dismiss is April

United States District Court
Northern District of California

1    24, 2015.[2]  The Government's reply shall be filed by no later than May 22, 2015.  The presiding

2    judge will set a new hearing date based on this revised briefing schedule by separate order.

3    **IT IS SO ORDERED**.

4    Dated: 01/07/2015

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[2] The order referring this matter provided that "[i]n connection with the instant administrative motion, the Magistrate Judge may, as necessary, revise the briefing schedule on the United States' Motion to Dismiss."  Order, Dkt. No. 78 at 1.

3