BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General
Civil Division
MELINDA HAAG
United States Attorney
J. PATRICK GLYNN
Director, Torts Branch
BRIDGET BAILEY LIPSCOMB
Assistant Director
ADAM BAIN
Senior Trial Counsel
IN Bar No. 11134-49
WAGNER JACKSON
MICHELE S. GREIF
KERI L. BERMAN
Trial Attorneys
Civil Division, Torts Branch
P. O. Box 340
Washington, D.C.  20044
Telephone: (202) 616-4209
FAX: (202) 616-4473
Email: adam.bain@usdoj.gov

Attorneys for Defendant United States of America

| | |
|---|---|
| IN RE: YOSEMITE NATIONAL PARK HANTAVIRUS LITIGATION<br><br>_____<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | MDL Docket No. 3:14-md-02532-MMC<br><br>UNITED STATES' OPPOSITION TO DNC DEFENDANT'S ADMINISTRATIVE MOTION TO STRIKE APPENDICES TO THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS |

DNC has moved to strike Appendices A, B and C to the United States' Reply Memorandum in Support of its Motion to Dismiss for Lack of Subject-Matter Jurisdiction on the ground that the appendices are further briefing in excess of the court ordered page limit.  This Motion to Strike should be denied because the appendices do not expand the United States' arguments.  Rather, the United States provided these appendices as an accurate, convenient presentation of the record evidence cited in the Opposition briefs.

**Background**

In deciding the United States' Motion to Dismiss for Lack of Subject-Matter Jurisdiction, the Court must determine the application of the discretionary function and the independent contractor exceptions under the FTCA. The discretionary function analysis is a narrow two-part inquiry to determine (1) whether any mandatory and specific directive dictated the government's actions regarding the allegedly harmful conduct, and (2) whether the challenged conduct was susceptible to policy analysis. The independent contractor analysis is also very limited in scope, requiring only review of whether the government exercised detailed control over the concessioner's daily operations such that its employees were employees of the government for purposes of FTCA liability.

In response to the United States' brief in support of its Motion to Dismiss, Plaintiffs and DNC submitted eighty pages of opposition briefing, the overwhelming majority of which consisted of factual arguments that were immaterial to the jurisdictional issues and based largely on mischaracterized or out-of-context evidence. For the Court's convenience, the United States submitted a twenty-five page joint reply brief, streamlining its arguments into a single brief that was limited to the jurisdictional questions actually at issue. Instead of addressing these issues, Plaintiffs and DNC focused their briefs on factual arguments related to whether the NPS was negligent and whether its decisions were actually based in public policy. *See* Docket 68 (US Motion to Dismiss) at 14 (citing case holding that negligence is irrelevant to the jurisdictional inquiry), and at 16-17 (citing cases holding that it is not necessary to prove actual policy consideration for the discretionary function exception to apply); *see also* Docket 111 (US Reply Brief) at 2-3 (citing cases holding that negligence is irrelevant to the jurisdictional inquiry). Plaintiffs and DNC made numerous statements based on their presentation of the facts that were unsupported by an objective view of the record evidence.

The United States has an obligation to safeguard the interests of its client, and to provide the Court with accurate representations of the record, even if the evidence is immaterial to the pending Motion to Dismiss. Hence, the United States prepared two charts to correct the record presented in the opposition briefs, and appended them to its Reply brief. *See* Docket 111-2

(Appendix B – Record Corrections for Plaintiffs' Brief) and 111-3 (Appendix C – Record Corrections for DNC's Brief). Both Plaintiffs and DNC seek to strike Appendix B and Appendix C, although neither party has requested leave to respond to the substance of the United States' record corrections. DNC also seeks to strike Appendix A, which is an unaltered collection of the provisions cited by Plaintiffs and DNC, compiled by United States' counsel for the Court's convenience.[1]

**Argument**

DNC seeks to strike all three appendices on the ground that they constitute briefing in excess of the permitted page limit. DNC asserts that "Appendix A – Provisions Cited by Plaintiffs or DNC" contains covert argument because the government selectively emphasized "certain terms or phrases within those provisions" by using bold or italicized font. *See* DNC Motion to Strike at 1-2. Just as DNC mischaracterized much of the evidence cited in its Opposition brief, DNC mischaracterizes the content of Appendix A. In fact, it is a verbatim compilation of the text cited by Plaintiffs or DNC, as it appeared in the original document. *See* Docket 111-1 (Appendix A). Contrary to DNC's representation, the United States did not alter by italics or boldface the text from the cited documents.

DNC contends that the "latter two columns in Appendices B and C amount to nothing more than the government's characterization of arguments asserted by the Plaintiffs or the DNC Defendants, and the government's reply argument, including its interpretations of witness testimony or documentary evidence." DNC Motion to Strike at 2. Again, DNC mischaracterizes the content of these documents. In reality, one of these columns consists of *direct quotations* from the opposing briefs, including the original citations. The other column consists of the relevant portions of the record omitted that corrects or provides context for the statement (sometimes with explanation or by paraphrasing the text). Hence, most of the record correction

---

[1] DNC asserts that the three appendices were "not sponsored by a declaration of counsel, and they are neither dated nor signed." *See* DNC Motion to Strike at 2, 3. The appendices were prepared by counsel, referenced in the brief, and appended to the brief, which was signed and filed pursuant to court rules.

charts consist of direct quotations from the briefs or the cited evidence, or otherwise paraphrases the evidence. *See* Docket 111-2 (Appendix B – Record Correction for Plaintiffs' Brief); Docket 111-3 (Appendix C – Record Corrections for DNC's Brief).

From DNC's omission of key portions of the record evidence, the Court is left with a misimpression of the facts. For example, apparently in an effort to portray the NPS as having complete control over *everything* within the park, DNC's opposition brief quoted Bradley Popp, owner of co-defendant Yosemite Construction, Inc. as stating "'[i]t's a lot of red tape. . . . NPS pretty much rides herd on everything that happens in the park.'" In Appendix C, the United States provides the entire paragraph of Mr. Popp's deposition testimony:

> **NPS owns everything in the park. Except the tents. The tents, as I understand it, are the property of the concessionaire and are sold on to the next concessionaire.** But, I mean, before we could perform any – you know, it's a lot of red tape. You've got historic architects. You've got historic carpenters. You've got this project and that project and who's going to perform it and what are their qualifications. I mean, NPS pretty much rides herd on everything that happens in the park.

Docket 111-3 at 4 (emphasis added). DNC disregarded the part of Mr. Popp's testimony that undermined the purpose for which it was offered.

Likewise, by omitting key parts of Superintendent Neubacher's deposition testimony, DNC's assertion that Superintendent Neubacher changed his testimony at deposition regarding a Hantavirus advisory document seems plausible. *See* Docket 93 (DNC Opposition Brief) at 5, 34. However, as the United States explains in Appendix C, there is no support for the statement that Superintendent Neubacher changed his testimony, and the United States provided the relevant omitted testimony supporting that fact. *See* Docket 111-3 at 4-5.

In some instances, a statement in the Opposition brief blatantly contradicted the cited evidence. For example, DNC stated as fact in its brief that the NPS did not have an Integrated Pest Management coordinator at Yosemite in the years prior to the 2012 Hantavirus outbreak. *See* Docket 93 at 14, 29. This is directly contradicted by DNC's cited evidence, which lists the IPM coordinators for those years. *See* Docket 111-3 at 12-13.

None of the above examples from Appendix C is material to the jurisdictional issues pending before this Court.  Indeed, none of the arguments made by the United States in its Reply brief depends on any of the three appendices.  The United States, however, could not allow these misstatements of fact to go uncorrected in the public record.  The appendices merely correct the record evidence as presented by the opposing parties, and are offered to assist the court by providing a corrected, contextual version of the evidence in a convenient resource.

## CONCLUSION

For the foregoing reasons, DNC's Motion to Strike Appendices should be denied.

Dated:  July 7, 2015　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　BENJAMIN C. MIZER
　　　　　　　　　　　　　　　　　　　　　Principal Deputy Assistant Attorney General
　　　　　　　　　　　　　　　　　　　　　Civil Division

　　　　　　　　　　　　　　　　　　　　　MELINDA HAAG
　　　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　　　　　　　J. PATRICK GLYNN
　　　　　　　　　　　　　　　　　　　　　Director, Torts Branch

　　　　　　　　　　　　　　　　　　　　　BRIDGET BAILEY LIPSCOMB
KENNETH C. WARD　　　　　　　　　　Assistant Director
JOHN L. KORTUM
MATTHEW D. BARNETTE　　　　　　　ADAM BAIN
Archer Norris　　　　　　　　　　　　　　Senior Trial Counsel
2033 N. Main St., Suite 800
Walnut Creek, CA 94596　　　　　　　　   /s/ *Michele S. Greif*
(925) 930-6600　　　　　　　　　　　　　MICHELE S. GREIF
　　　　　　　　　　　　　　　　　　　　　WAGNER JACKSON
JOHN J. SNYDER　　　　　　　　　　　　KERI L. BERMAN
TARA NALENCZ　　　　　　　　　　　　Trial Attorneys
MARY ANN CAPRIOTTI　　　　　　　　Civil Division, Torts Branch
Rawle & Henderson, LLP　　　　　　　　P. O. Box 340
The Widener Building　　　　　　　　　　Washington, D.C. 20044
One South Penn Square　　　　　　　　　Telephone: (202) 616-4209
Philadelphia, PA  19107　　　　　　　　　FAX: (202) 616-4473
(215) 575-4200　　　　　　　　　　　　　e-mail: adam.bain@usdoj.gov

Attorneys for the United States

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was all served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

DATED:  July 7, 2015

                                              /s/ *Michele S. Greif*
MICHELE S. GREIF
Trial Attorney
United States Department of Justice
P. O. Box 340
Washington, D.C.  20044
Telephone: (202) 353-2492
FAX: (202) 616-4473
Email: michele.greif@usdoj.gov