**JOHN M. FEDER, ESQ. (SBN 83333)**
**JUNE P. BASHANT, ESQ.  (SBN 188496)**
**ROUDA, FEDER, TIETJEN & MCGUINN**
44 Montgomery Street, Suite 4000
San Francisco, California  94104
Telephone: (415) 398-5398
Facsimile:  (415) 398-8169

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE YOSEMITE NATIONAL PARK HANTAVIRUS LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br><br>ALL CASES | CASE NO: 3:14-md-02532-MMC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**<br><br>Date: December 16, 2016<br>Time: 9:00 a.m.<br>Place: Courtroom 7, 19th Floor |

## I. **INTRODUCTION**

The Pretrial Preparation Order ("PPO") (hereinafter "Scheduling Order") for the Yosemite Hantavirus MDL litigation which includes 5 individually filed cases, was completed on April 18, 2016. The current Scheduling Order establishes the pre-trial deadlines, and sets a trial date of September 25, 2017 for the Badani and Harrison cases only because these cases were filed in this Court and assigned to the Honorable Judge Maxine Chesney. ("PPO." Dkt. 141). The United States seeks relief from the current pre-trial deadlines that are applicable to all of the cases, and the trial date applicable to only the Badani and Harrison plaintiffs. The U.S. seeks such relief after it intentionally wasted 4-6 months before scheduling both the plaintiffs' depositions and defense witness depositions. As the United States is responsible for the scheduling delay, it cannot demonstrate that it exercised diligence to support the good cause necessary to modify the established deadlines. Additionally, any delay in moving this MDL forward, allegedly caused by the plaintiffs' discovery responses, has been manufactured by the United States, and cannot begin to justify delaying the current trial date by more than 6 months as the United States is proposing. The current September 25, 2017 trial date is more than 5 years after the wrongful deaths and significant injuries to the individuals who contracted Hantavirus in Yosemite National Park in June, 2012.

The U.S. has missed two past deadlines in the current scheduling order. First, the United States failed to complete the plaintiffs' depositions by September 30, 2016. This delay in completing the plaintiffs' depositions combined with the government's delay in scheduling defense witness depositions caused the defendants to miss the second deadline of November 12, 2016 to complete private mediation. The U.S. has failed to exercise the diligence required to seek relief from the court for missing these past deadlines, and now contends that it cannot meet future deadlines outlined in the scheduling order. The U.S., however, offers no facts to explain why they cannot

1

---
Plaintiffs' Opposition to United States' Motion to Modify Pretrial Scheduling Order

schedule outstanding depositions by the discovery cutoff date of February 15, 2017. All scheduling order modifications sought by the United States are unwarranted, and any additional delay in the pre-trial and/or trial date would cause prejudice to the plaintiffs.

## II. FACTUAL BACKGROUND

### A. Written Discovery

The current Scheduling Order required plaintiffs to produce written discovery responses by May 31, 2016. (Dkt. No. 141). Plaintiffs each began producing the medical records documenting their clients' injuries to the United States well before the U.S. ever sent out a request for production of these records. The Badani and Harrison plaintiffs produced these records in or about October, 2014. (**Exhibit 1** to the Decl. of June P. Bashant filed herewith (hereinafter "Bashant Decl."). Initial disclosures and supplemental disclosures providing Defendants with the names and sources of medical providers for each plaintiff were timely produced to the defendants pursuant to the Scheduling Order deadline of April 29, 2016. (**Exhibit 2** to Bashant Decl.) By May 1, 2016, the defendants had the necessary information to subpoena any medical records they believed were necessary to evaluate the cases in this matter. Instead of diligently attempting to subpoena these records as early as they had the information, the United States requested authorizations from the plaintiffs to subpoena the medical records several weeks later. Plaintiffs Badani and Harrison signed multiple authorizations and releases for the United States to independently subpoena medical records. The United States had these signed authorizations/releases on July 14, 2016 and June 4, 2016 respectively. (**Exhibit 5** to Bashant Decl.). By June 21, 2016, plaintiffs had provided both written responses and documents (including a significant amount of medical records) responsive to the discovery propounded by the United States pursuant to a short stipulated 3 week extension. (**Exhibit 2** and **Exhibit 6** to Bashant Decl.).

During the months of July and August 2016, the parties met and conferred regarding alleged deficiencies in the plaintiffs' responses. The plaintiffs telephonically met and conferred with the United States on June 30, 2016, August 9-10, 2016, and August 19, 2016. (Dkt. No. 157, P.1:15-16). Additionally, several meet and confer letters were exchanged on these discovery issues during the months of July-August 2016. (**Exhibit 3-4** to Bashant Decl.). As a result of the meet and confer process, several issues were resolved between the parties. (**Exhibit 4** to Bashant Decl.).

Although most discovery issues were resolved, plaintiffs maintained legitimate objections to three categories of documents: (1) plaintiffs' tax returns remained a global issue for all plaintiffs, (2) two plaintiffs' objected to the production of psychiatric/psychotherapy records, and (3) two plaintiffs' objected to medical records involving the pre-existing conditions of spouses. In the end, the parties filed a joint letter documenting the discovery dispute over these issues with this Court. (Dkt. No. 158). This Court issued its Order on September 23, 2016. (Dkt. No. 160). As a result of the Order, the Court concluded that the defendants were <u>not entitled</u> to the plaintiffs' private tax information, and they were <u>not entitled</u> to pre-existing medical records of spouses. (Dkt. No. 160). Indeed, as a result of the Order, only two plaintiffs were required to turn over a small number of records related to the narrow issues of psychotherapy notes, and psychiatric records (involving minor children). (Dkt. No. 160).

The United States chose not to schedule and/or complete any of the plaintiffs' depositions during the time the discovery dispute was pending, despite the fact that they had all of the necessary information to obtain the requested information since April 29, 2016. (Dkt. No. 157, p.22:11-13; **Exhibit 2** to Bashant Decl.).

**B. Depositions**

    **1. Plaintiffs' Depositions**

3

Plaintiffs had originally offered Rupal Badani for deposition on July 25, 2016 with the remaining plaintiffs to follow soon after. (**Exhibit 3** to Bashant Decl.). On June 30, 2016, just nine days after receiving the plaintiffs' discovery responses, the United States refused to depose Rupal Badani on the proposed date of July 25, 2016, and refused to schedule any other plaintiff depositions pending what they believed to be the collective inadequate discovery productions of all the plaintiffs as described above. (Bashant Decl. 17).

On July 5, 2016 counsel for the Badani plaintiffs corresponded with the United States highlighting compliance with discovery and requested that the United States "provide . . . additional dates that [they were] available to conduct [the Badani deposition] before September 1, 2016." (**Exhibit 3** to Bashant Decl.). Counsel for the Badani plaintiffs also offered to produce whatever documents were necessary to get the Badani depositions scheduled. (**Exhibit 3** to Bashant Decl.). The United States did not propose additional dates in response to the Badani letter at this time.

Every plaintiffs' deposition (except one) was delayed and scheduled for November and December of 2016. By December 11th the United States will have substantially completed their discovery of the plaintiffs, spouses, and children in this matter with the exception of one plaintiff's case. (**Exhibit 7** to Bashant Decl.). (Garisto plaintiff depositions tentatively offered in mid-January 2017) (Bashant Decl. ¶18).

### 2. Defendant United States and DNC Witness Depositions

Plaintiffs' sent deposition notices for both United States and DNC witnesses on April 27, 2016. (**Exhibit 8** to Bashant Decl.). On May 3-4, 2016, defendants responded that no defendant depositions would be set until the plaintiffs' depositions were completed. (**Exhibit 9** to Bashant Decl.). As discussed above, both defendants unnecessarily delayed scheduling the plaintiffs' depositions while an insignificant written discovery dispute continued. As the United States

4

continued to delay scheduling the plaintiffs' depositions, it was the plaintiffs who diligently pushed to get the defendants' witness depositions scheduled and completed. (**Exhibits 10-11** to Bashant Decl.). With plaintiffs' counsel prodding, the first U.S depositions were finally scheduled for September 20, 2016, and October 28, 2016. (Bashant Decl. ¶19). Defendant DNC witness depositions were also delayed but eventually scheduled for the end of September 29, 2016 through the first week of October 5, 2016. Plaintiffs also diligently conducted third party witness depositions from the California Department of Public Health during the months of September and October 2016. (Bashant Decl. ¶20).

Plaintiffs are currently waiting for dates for several additional DNC depositions including witnesses that the plaintiffs' identified to DNC from their maintenance and housekeeping staff back on April 27, 2016. (**Exhibit 8** to Bashant Decl.). Plaintiffs sent the latest meet and confer letter on November 14, 2016, again requesting that the defendants provide dates and locations for these depositions. (**Exhibit 12** to Bashant Decl.).

On October 18, 2016, defendant DNC noticed the depositions for seven United States' witnesses. (**Exhibit 13** to Bashant Decl). The United States has failed to provide any prospective dates for these depositions as of the time of filing this motion, despite plaintiffs' counsel representation that they remain ready and available to complete these depositions during the months of December and January 2016. (**Exhibit 12** to Bashant Decl.).

### C. Private Mediation

Pursuant to the scheduling order, private mediation was to occur by November 12, 2016.(Dkt. No. 141). All parties agreed to mediate with JAMS Endispute mediator Michael Ornstil. Plaintiffs investigated dates when Mr. Ornstil was available prior to November 12, 2016. However, as the depositions continued to be postponed, it became apparent that a mediation in

5

1  November would not be productive. (Bashant Decl. ¶21). Mediation is currently set with Mr.
2  Ornstil for February 1-2, 2016. (Bashant Decl. 21).

3
## III. ARGUMENT

4
5  The pretrial scheduling order may be modified only upon a showing of good cause with the
6  consent of the Court. Fed. R. Civ. P. 16(b). "Good cause means scheduling deadlines cannot be
7  met despite a party's diligence." *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th
8  Cir. 1992). The party seeking the modification bears the burden to "demonstrate good cause for the
9  modification of a scheduling order by showing that, even with the exercise of due diligence, he or
10 she was unable to meet the timetable set forth in the order." *Johnson v. Mammoth Recreations,*
11 *Inc.,* 975 F.2d 604, 609 (9th Cir. 1992); *Matrix Motor Co. Inc. V. Toyota Jidosha Kabushiki*
12 *Kaisha*, 218 F.R.D. 667 (2003). Furthermore, if a party cannot meet a scheduling deadline as
13 outlined in the Scheduling Order, it is incumbent upon the party to seek relief from the court by
14 amending the deadline for completion. *See Sharp v. Covenant Care LLC* (S.D. Cal. 2012) 288
15 F.R.D. 465 (holding that good cause did not exist to modify a scheduling order where party filed a
16 motion to modify the scheduling order only three days before the pretrial deadline failing to
17 exercise diligence by seeking the modification as soon as it became apparent it could not comply
18 with the scheduling order). *See also Dedge v. Kendrick* (11th Cir. 1988) 849 F.2d 1398 (concluding
19 that a motion filed after the scheduling order cut-off date is untimely and may be denied solely on
20 that ground).  Here the U.S. seeks to modify the scheduling order but has failed to demonstrate
21 their own "exercise of due diligence" in: (1) failing to meet and/or seek relief from the past
22 scheduling order deadlines of completing the plaintiffs' depositions by September 30, 2016 and
23 mediation by November 12, 2016, and (2) has not met the standard of demonstrating diligence
24 going forward by presenting facts that support why future pre-trial deadlines and the existing trial
25 date cannot be met.

**A. The United States Has Not Made A Diligent Effort To Comply With The Scheduling Order Established By The Court.**

   **1. The United States Failed To Exercise Diligence In Completing the Plaintiffs' Depositions by September 30, 2016 And/Or Seeking Relief From the Court For That Deadline.**

The United States simply has not presented any facts to demonstrate that they could <u>not</u> legitimately schedule and complete the depositions of the plaintiffs by September 30, 2016. In reality, it was only the United States miscalculated strategy that has caused its predicament. The United States made the decision to avoid scheduling the plaintiffs' depositions during the time it believed it was entitled to only a handful of missing documents applicable to only some plaintiffs.

Despite the background of the ongoing discovery dispute, there was nothing about this dispute that supported the United States refusal and delay to schedule and complete the plaintiffs' depositions during the 4 month time period between May 1, 2016 and November 7, 2016, the date the defense <u>began</u> taking plaintiffs' depositions. (**Exhibit 7** to Bashant Decl.). Even with its own delay in obtaining records, by mid-August the United States should have had 10 years of medical records for the Badani and Harrison plaintiffs given the broad authorizations and releases signed by these parties on July 14, 2016 and June 4, 2016 respectively. (**Exhibit 5** to Bashant Decl). The only records outstanding would have been the disputed medical records involving only two plaintiffs' pre-existing medical and mental health records. Additionally, while the United States insisted on receiving all of the plaintiffs' tax records to begin taking depositions, they actually had 5 years of W-2's from the plaintiffs claiming significant wage losses produced with the June 21, 2016 document productions.[1] Indeed, even after this Court's discovery order was made on September 23, 2016 denying the defendants the tax information requested, the defendants did not

---

[1] The Badani plaintiffs also produced a preliminary economic report evidencing the calculation of damages requested by the defendants on August 7, 2016. (**Exhibit 14** to Bashant Decl.).

7

take the first plaintiff deposition until November 7, 2016. Certainly, it was the United States strategic choice to delay scheduling the plaintiffs' depositions until the outstanding discovery issues were resolved by the court. As it turned out, there were no substantive documents ordered by the Court that were so compelling as to prevent the U.S. from proceeding with the plaintiffs' depositions earlier. And, there was no reason the U.S. could not schedule and complete even some of the plaintiffs' depositions while holding off on the plaintiffs who had outstanding pre-existing and/or mental health records as these discovery issues did not apply to all plaintiffs. Where the party seeking the modification "was not diligent, the inquiry should end" and the motion to modify should not be granted. *Zivkovic v. S. California Edison Co.,* (9th Cir. 2002) 302 F.3d 1080, 1087.

**2. The United States Failed to Demonstrate Diligence In Scheduling and Completing Past Defense Witness Depositions, and Failed To Demonstrate Why They Cannot Produce Future Defense Witnesses Before the Discovery Cut Off.**

Plaintiffs first noticed defense witnesses from the United States and DNC on April 27, 2016. (**Exhibit 8** to Bashant Decl.). The defendants refused to schedule these witnesses until <u>after</u> the plaintiffs' depositions were completed. (**Exhibit 9** to Bashant Decl.). Defendants then delayed scheduling the plaintiffs' depositions (as described above) while refusing to allow the plaintiffs to move forward with the large number of defense witnesses. Five months went by between the time plaintiffs originally noticed defense depositions (April 2016), and the date the first witness was produced on September 20, 2016. (Bashant Decl. ¶19). Thus, the United States made every effort to delay scheduling the plaintiffs' depositions in turn stonewalling the production of any defense witnesses and ensuring that no depositions were conducted between April 2016 and September 20, 2016 when the first defense witness was finally scheduled.

On October 18, 2016, defendant DNC requested deposition dates for eight additional witnesses from the United States. (**Exhibit 13** to Bashant Decl.). No dates have been provided by the U.S. And, importantly, the United States has offered no explanation as to why these future

8

depositions cannot be scheduled and completed between now and the discovery cut off of February 15, 2017. Thus, the initial delay in scheduling defense depositions, and the United States' failure to schedule currently noticed deponents demonstrates a lack of diligence to move this matter forward. In *Bentkowski v. Scene Magazine* (6th Cir. 2011), 637 F.3d 689, the court held that denying a motion to modify a scheduling order was justified because the moving party "made no effort to conduct discovery in the four and a half months allotted for non-expert discovery and offered no explanation for [the] lack of diligence." Similarly, here, the U.S. has demonstrated the same lack of diligence allowing four months to pass while refusing to schedule either plaintiff or defense witnesses for depositions. The U.S. has not met its burden, given its failure to timely schedule past witnesses, and also demonstrate why future deadlines cannot be met.

**3. The United States Failed To Diligently Complete A Private Mediation By The Deadline of November 12, 2016, And Did Not Seek Relief From That Deadline.**

The delay caused by the defendants in failing to timely schedule the plaintiffs' depositions as well as provide dates for the defendant depositions requested by the plaintiffs as early as April 27, 2016 resulted in non-compliance with the completion date for private mediation. (Bashant Decl. ¶21). Because the United States was not diligent in meeting the past scheduling order deadline for mediation, and did not seek relief from this deadline, the inquiry should end, and the motion to modify future scheduling order dates should not be granted.

**B. The Plaintiffs' Responded Timely To The United States' Discovery Requests And Did Not Significantly Delay Discovery.**

The United States attempts to mischaracterize plaintiffs' proper and narrow discovery objections as proof that plaintiffs' delayed discovery. However, this is baseless, and the judge's September 23, 2016 Order proves the plaintiffs' offered legitimate objections to the few categories of documents disputed. (Dkt. No. 160). Further, all plaintiffs provided the names and sources for the United States to obtain medical records for the plaintiffs by April 29, 2016. The Badani and

Harrison plaintiffs further provided signed authorizations for the U.S. to subpoena medical records by July 14, 2016. (**Exhibit 5** to Bashant Decl.). Plaintiffs were responsive and proactive in addressing the United States discovery objections as outlined by the parties numerous telephone conferences and written exchanges to meet and confer. (**Exhibit 3** and **Exhibit 4** to Bashant Decl.). Any delay cannot be attributed to the plaintiffs.

### C. The U.S. Proposed Scheduling Order Results In Prejudice To The Plaintiffs.

"Prejudice to the adverse party is also a factor to be considered" when a party seeks to modify the scheduling order set by the court. *Miller v. Board of Educ. of Albuquerque Pub. Sch.*, (U.S.D.C. New Mexico, 2006) 455 F. Supp. 2d 1286, 1304. The modification proposed by the U.S. is prejudicial to the plaintiffs because it seeks a significant delay to an overdue trial date by more than 6 months. The U.S. claims they seek only a 6 month modification, changing the trial date from September 25, 2017 to January or February of 2018. However, in reality, the U.S. seeks to delay the "dispositive motions" deadline until January 26, 2018, with a hearing set 35 days thereafter. (Dkt. No. 165 pp.2). Because these deadlines typically occur months before any trial date could be scheduled, the U.S. seeks a far greater trial date extension than merely 6 months. The additional time for the defendants is unfair to the plaintiffs who continue to be diligent working to bring this case to trial by the September 25, 2017 deadline.

### IV. CONCLUSION

Based on the foregoing, plaintiffs' respectively request this Court deny any modification to the current Pretrial Preparation Order ("PPO"), and maintain the current trial date of September 25, 2017.

DATED: November 23, 2016                ROUDA, FEDER, TIETJEN & McGUINN

                                        BY: /s/ June P. Bashant

# **CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing document and the supporting exhibits were served on all counsel of record by operation of the court's electronic filing system and can be accessed through that system.

DATED: November 23, 2016                                       _____
                                                                      JUNE P. BASHANT
                                                                      Attorney for Plaintiffs

                                                                      ROUDA, FEDER, TIETJEN & McGUINN
                                                                      44 Montgomery Street, Suite 4000
                                                                      San Francisco, CA 94140
                                                                      Telephone: (415) 398-5398
                                                                      Fax: (415) 398-8169
                                                                      Email: jbashant@rftmlaw.com