UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: YOSEMITE NATIONAL PARK HANTAVIRUS LITIGATION | Case No. 14-md-02532-MMC   (KAW)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY THE PRETRIAL SCHEDULING ORDER**<br><br>Re: Dkt. No. 164 |

On November 10, 2016, Defendant United States of America filed a motion to modify the pretrial scheduling order issued by the presiding judge in this case. (Def.'s Mot., Dkt. No. 164.) On November 16, 2016, the motion was referred to the undersigned to issue an order.[1] (Dkt. No. 168.) On November 23, 2016, Plaintiffs filed an opposition to the United States' motion. (Plfs.' Opp'n, Dkt. No. 169.) On December 1, 2016, the United States filed its reply. (Def.'s Reply, Dkt. No. 172.) The Court deems the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the papers filed by the parties and the relevant legal authority, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion.

**I.   BACKGROUND**

Plaintiffs Carolyn Garisto and Estate of Bruno Garisto ("Garisto Plaintiffs"); Rupal Badani, Estate of Amit Jha, M.J., and K.J. ("Badani Plaintiffs"); Cathy Carrillo; Roger Mann and Sherrie Mann ("Mann Plaintiffs"); and Christopher Harrison and Felicia Tornabene ("Harrison/Tornabene Plaintiffs") bring the instant suit against Defendants Delaware North Companies Parks & Resorts

---

[1] The referral order permitted the undersigned to extend deadlines to complete fact discovery, disclose experts, complete expert discovery, and file dispositive motions as deemed necessary. (Dkt. No. 168.)

at Yosemite, Inc., Delaware North Companies Parks & Resorts, Inc., and Delaware North Companies, Inc. (collectively "DNC"); Yosemite Construction, Inc. and Bradley Popp (collectively "Yosemite Construction"); and the United States of America.

Hantavirus is a lethal virus that is transmitted through the air, and there is an increased risk of infection when there is a high level of deer mice and their feces, urine, and saliva in an area. (Consolidated Compl. ¶ 31, Dkt. No. 139.) The instant case concerns an outbreak of Hantavirus in Yosemite National Park in the summer of 2012, which infected ten people and resulted in three fatalities. (Consolidated Compl. ¶ 32.) Nine of these ten people, including Plaintiffs, contracted Hantavirus in the "Signature Tent Cabins" in Yosemite's Curry Village. (Consolidated Compl. ¶¶ 69-73, 81.) The Signature Tents used a double-wall design, even after a prototype double-walled tent was allegedly found to be "infested with mice" and constituted a "health hazard." (Consolidated Compl. ¶¶ 48, 50.) Despite that, Defendants approved the use of the double-walled design for the Signature Tent Cabins, which were built in 2009. (Consolidated Compl. ¶ 51.) Prior to the summer of 2012, there were also several reports and complaints about rodent infestations at Curry Village. (Consolidated Compl. ¶¶ 58, 60-63.) Additionally, in June and July 2012, the California Department of Public Health assessed studies revealing a significant density of Hantavirus-infected rodents in Yosemite, and recommended that educational brochures be posted throughout Yosemite. (Consolidated Compl. ¶¶ 59.) Despite these reports, Defendants did not take corrective measures, such as developing a comprehensive Hantavirus policy or following rodent control and abatement plans. (Consolidated Compl. ¶¶ 63-67.)

On April 13, 2016, Plaintiffs filed the operative Master Consolidated Complaint, alleging the following causes of action: (1) wrongful death (Garisto and Badani Plaintiffs), (2) survival (Garisto and Badani Plaintiffs), (3) negligence, (4) strict product liability, (5) violations of the California Consumer Legal Remedies Act (Mann Plaintiffs), (6) fraud and concealment, (7) premises liability, (8) loss of consortium (Garisto Plaintiffs, Plaintiff Sherrie Mann, Plaintiff Felicia Tornabene), (9) breach of warranty, (10) failure to warn, (11) negligent infliction of emotional distress (Garisto Plaintiffs), and (12) civil conspiracy (Garisto Plaintiffs).

Prior to the filing of this suit, the parties submitted two joint discovery letter briefs

concerning disputes over the production of tax returns and various medical records. (Dkt. Nos. 157, 158.) On September 23, 2016, the undersigned issued an order requiring that the Garisto Plaintiffs respond to the interrogatories and requests for production related to their medical and mental health conditions, and that Plaintiff Harrison produce his psychotherapy notes. (Dkt. No. 160 at 9.) The remainder of Defendants' requests was denied. (*Id.*)

## II.   LEGAL STANDARD

"Once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Per Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16's "'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal quotation omitted); *see also Silga v. Deutsche Bank Nat. Trust Co.*, 637 Fed. Appx. 438, 440 (9th Cir. 2016). If the party seeking amendment "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. Thus, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

## III.   DISCUSSION

In the instant case, the United States asserts that it cannot reasonably meet the deadlines of the pretrial scheduling order due to delays in discovery caused by Plaintiffs. (Def.'s Mot. at 4.) For example, the United States points to Plaintiffs' failure to produce complete initial disclosures and respond to discovery requests, which prevented the parties from scheduling Plaintiffs' depositions and independent medical examinations ("IMEs") before the original deadline of September 30, 2016. (*Id.* at 5; *see also* Pretrial Scheduling Ord. at 2, Dkt. No. 141 (setting deadline to complete Plaintiffs' depositions and IMEs).) Plaintiffs' depositions and IMEs were then scheduled throughout November and December 2016, with at least three additional depositions to take place in January 2017. (Def.'s Mot. at 6; Def.'s Reply at 7.) Further

contributing to the delay was Plaintiffs' refusal to provide releases for the United States to obtain Plaintiffs' medical records; when the United States issued subpoenas on July 13, 2016, "[t]he majority were rejected by medical providers because of the lack of releases." (Def.'s Mot. at 8, Berman Decl. ¶¶ 6-7, Dkt. No. 166.)

In addition, Defendant Delaware North Companies, Inc. ("DNC") have indicated that the remaining DNC witnesses cannot be produced until January 2017, and has also noticed an additional seven depositions for the United States' fact witnesses. (Def.'s Mot. at 6; Berman Decl. ¶ 13.) Thus, as of the filing of the instant motion, there were 24 fact witness depositions pending, while the United States had not yet had the opportunity to notice depositions against other Plaintiffs or DNC fact witnesses because the already noticed depositions had not yet been completed. (*Id.*) Taken together, the United States asserted that it could not reasonably meet the non-expert discovery cut-off of February 15, 2017, and sought an extension of all deadlines by at least six months. (*Id.* at 6, 10.)

In opposition, Plaintiffs contend that the United States has not been diligent in seeking to meet the pretrial scheduling order's deadlines. (Plfs.' Opp'n at 6.) Specifically, Plaintiffs contend that they have responded timely to discovery requests, including providing names and sources for obtaining medical records by April 29, 2016, as well as authorizations for medical records by the Badani and Harrison Plaintiffs by July 14, 2016. (*Id.* at 9-10.) Plaintiffs also argue that the United States deliberately delayed in scheduling the depositions of Plaintiffs by waiting on the resolution of the discovery dispute decided by the undersigned on September 23, 2016. (*Id.* at 7-8.) Finally, Plaintiffs contend that the United States has delayed in scheduling its own witnesses. (*Id.* at 8-9.)

Having reviewed the parties' filings, the undersigned finds it appropriate to modify the pretrial scheduling order's deadlines. First, the United States was diligent in its efforts to meet the pretrial scheduling order's deadlines because it was reasonable to delay taking Plaintiffs' depositions until after it had received discovery, particularly with respect to Plaintiffs' medical

4

records.[2]  While Plaintiffs argue that they provided names and sources for the United States to subpoena medical providers for medical records by April 29, 2016, the United States did attempt to subpoena[3] those providers in June 2016, only to have most of the subpoenas rejected for lack of the authorizations that Plaintiffs declined to provide.  (Berman Decl. ¶ 4.)  While the Badani and Harrison Plaintiffs later provided authorizations in July 2016, Plaintiffs do not state when other Plaintiffs provided authorizations.  Given that this suit squarely concerns Plaintiffs' health, the United States was not unreasonable in waiting for medical records before conducting depositions.  In addition to the medical records, the parties were engaged in other discovery disputes, several of which were decided by the undersigned and others that the parties resolved on their own.  (*See* Berman Decl., Exhs. 10-12.)  The record also reflects that Plaintiffs were providing discovery responses as late as October 13, 2016.  (Berman Decl., Exh. 15.)  Taken together, the undersigned concludes that the United States was not unreasonable in delaying Plaintiffs' depositions until November and December 2016, given the outstanding discovery production.

Second, the Court disagrees that the United States should have permitted depositions of its witnesses prior to Plaintiffs' depositions and IMEs being scheduled.  In the parties' April 1, 2016 joint case management conference, the parties appear to have contemplated that depositions of defense witnesses would occur after Plaintiffs' depositions and IMEs, as the parties agreed that Plaintiffs' depositions and IMEs would be completed by September 30, 2016, while Defendants' and non-party depositions would be completed by February 15, 2017.  (Dkt. No. 137 at 2.)  These dates were subsequently adopted by the presiding judge in the pretrial scheduling order.  (Pretrial Scheduling Ord. at 1-2.)  Given the parties' understanding that Plaintiffs' depositions and IMEs would precede Defendants' and non-party depositions, the United States did not unreasonably delay in scheduling its own witnesses for depositions.

In light of these events, the undersigned GRANTS the United States' motion to modify the

---

[2] The undersigned also finds that the timing of the instant motion was reasonable, as it was filed nearly three months prior to the non-expert discovery cutoff date.

[3] The United States asserts that they prepared more than 150 subpoenas for medical records. (Def.'s Reply at 6.)

pretrial scheduling order. The undersigned finds, however, that the United States has not adequately explained why it requires that deadlines be continued by a minimum of six months.[4] Instead, given that six of Plaintiffs' depositions have been completed, and the remaining are scheduled for January 12 and 13, 2017 – approximately four months after the original deadline to complete Plaintiffs' depositions and IMEs – the undersigned will CONTINUE the following deadlines by four months:

|  | Original Deadline | New Deadline |
|---|---|---|
| Deadline to complete Plaintiffs' depositions and IMEs | September 30, 2016 | January 31, 2017 |
| Non-Expert Discovery Cutoff | February 15, 2017 | June 15, 2017 |
| Designation of Experts | March 1, 2017 | July 3, 2017 |
| Rebuttal Experts | April 3, 2017 | August 3, 2017 |
| Expert Discovery Cutoff | June 1, 2017 | October 2, 2017 |
| Dispositive Motions Filing Date | June 23, 2017 | October 27, 2017 |

The undersigned recommends that the presiding judge continue the pretrial conference and trial dates accordingly.

IT IS SO ORDERED.

Dated: December 21, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[4] The United States also proposes further extending other deadlines without explanation; for example, at present the expert discovery cutoff is June 1, 2017, two months after the rebuttal deadline; the United States now proposes extending the expert discovery cutoff to three months after the proposed rebuttal deadline. (*See* Pretrial Scheduling Ord. at 1; Proposed Ord. at 2, Dkt. No. 2.)