UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE; YOSEMITE NATIONAL PARK HANTAVIRUS LITIGATION | Case No. 14-md-02532-MMC (KAW) **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO MODIFY THE PRETRIAL PREPARATION ORDER** Re: Dkt. No. 202 |

On March 14, 2017, Defendants Delaware North Companies, Inc., Delaware North Companies Parks & Resorts, Inc., DNC Parks & Resorts at Yosemite, Inc., and DNC Parks & Resorts Reservations, Inc. (collectively, the "DNC Defendants") filed a motion to modify the pretrial scheduling order issued by the presiding judge in this case. (DNC Mot., Dkt. No. 202.) On April 11, 2017, the motion was referred to the undersigned to issue an order. (Dkt. No. 210.) The Court deems the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the papers filed by the parties and the relevant legal authority, the Court GRANTS IN PART AND DENIES IN PART Defendant's motion.

## I. BACKGROUND

Plaintiffs Carolyn Garisto and Estate of Bruno Garisto ("Garisto Plaintiffs"); Rupal Badani, Estate of Amit Jha, M.J., and K.J. ("Badani Plaintiffs"); Cathy Carrillo; Roger Mann and Sherrie Mann ("Mann Plaintiffs"); and Christopher Harrison and Felicia Tornabene ("Harrison/Tornabene Plaintiffs") bring the instant suit against the DNC Defendants; Yosemite Construction, Inc. and Bradley Popp (collectively "Yosemite Construction"); and the United States of America.

Hantavirus is a lethal virus that is transmitted through the air, and there is an increased risk of infection when there is a high level of deer mice and their feces, urine, and saliva in an area.

(Consolidated Compl. ¶ 31, Dkt. No. 139.) The instant case concerns an outbreak of Hantavirus in Yosemite National Park in the summer of 2012, which infected ten people and resulted in three fatalities. (Consolidated Compl. ¶ 32.) Nine of these ten people, including Plaintiffs, contracted Hantavirus in the "Signature Tent Cabins" in Yosemite's Curry Village. (Consolidated Compl. ¶¶ 69-73, 81.) The Signature Tents used a double-wall design, even after a prototype double-walled tent was allegedly found to be "infested with mice" and constituted a "health hazard." (Consolidated Compl. ¶¶ 48, 50.) Despite that, Defendants approved the use of the double-walled design for the Signature Tent Cabins, which were built in 2009. (Consolidated Compl. ¶ 51.) Prior to the summer of 2012, there were also several reports and complaints about rodent infestations at Curry Village. (Consolidated Compl. ¶¶ 58, 60-63.) Additionally, in June and July 2012, the California Department of Public Health assessed studies revealing a significant density of Hantavirus-infected rodents in Yosemite, and recommended that educational brochures be posted throughout Yosemite. (Consolidated Compl. ¶¶ 59.) Despite these reports, Defendants did not take corrective measures, such as developing a comprehensive Hantavirus policy or following rodent control and abatement plans. (Consolidated Compl. ¶¶ 63-67.)

On April 13, 2016, Plaintiffs filed the operative Master Consolidated Complaint, alleging the following causes of action: (1) wrongful death (Garisto and Badani Plaintiffs), (2) survival (Garisto and Badani Plaintiffs), (3) negligence, (4) strict product liability, (5) violations of the California Consumer Legal Remedies Act (Mann Plaintiffs), (6) fraud and concealment, (7) premises liability, (8) loss of consortium (Garisto Plaintiffs, Plaintiff Sherrie Mann, Plaintiff Felicia Tornabene), (9) breach of warranty, (10) failure to warn, (11) negligent infliction of emotional distress (Garisto Plaintiffs), and (12) civil conspiracy (Garisto Plaintiffs).

On November 10, 2016, Defendant United States of America filed a motion to modify the pretrial preparation order, asserting that it could not reasonably meet the deadlines of the pretrial scheduling order due to delays in discovery caused by Plaintiffs. (Dkt. No. 164 at 4.) The motion was referred to the undersigned by the presiding judge. (Dkt. No. 168.) On December 21, 2016, the undersigned granted in part and denied in part the motion, continuing discovery deadlines by four months and recommending to the presiding judge that the pretrial conference and trial dates

be continued accordingly. (Dkt. No. 178 at 6.) On February 8, 2017, the presiding judge issued an amended pretrial scheduling order, confirming the revised discovery deadlines and continuing the pretrial conference and trial date. (Dkt. No. 196.)

On March 14, 2017, the DNC Defendants filed the instant motion to modify the pretrial scheduling order to extend the deadline to complete Plaintiffs' depositions and IMEs to April 30, 2017. Specifically, the DNC Defendants seek to take an IME of Plaintiff Harrison. (DNC Mot. at 2.) On March 20, 2017, the Mann Plaintiffs filed an opposition, stating that they opposed the motion to the extent it applied to any other plaintiff besides Plaintiff Harrison. (Mann Opp'n at 2, Dkt. No. 203.) The Mann Plaintiffs further state that during their discussion with the DNC Defendants' counsel, counsel "clarified that the intent of DNC's motion was not to redepose or take an IME of the Mann plaintiffs, but was instead meant to be focused *only on Mr. Harrison*." (*Id.* (emphasis added).) On March 28, 2017, Defendant United States of America filed a response in support of the DNC Defendants' motion to modify the pretrial scheduling order, stating that they also intended to conduct a psychiatric IME of Plaintiff Harrison if the pretrial scheduling order was modified. (United States Resp. at 1, 3, Dkt. No. 204.) That same day, Plaintiff Harrison filed an 8-page opposition. (Harrison Opp'n, Dkt. No. 205.) On April 4, 2017, the DNC Defendants filed their reply, which argued, in part, that the Court should disregard the Harrison opposition due to its failure to comply with Local Civil Rule 6-3(b), which limits an opposition to a motion to enlarge or shorten time to five pages. (DNC Reply at 1-2, Dkt. No. 208.) On April 6, 2017, Plaintiff Harrison filed a five-page "amended opposition." (Harrison Amend. Opp'n, Dkt. No. 209.)

## II. LEGAL STANDARD

"Once the district court has filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings[,] that rule's standards control[]." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Per Rule 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Rule 16's "'good cause' standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met

3

despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609 (internal quotation omitted); *see also Silga v. Deutsche Bank Nat. Trust Co.*, 637 Fed. Appx. 438, 440 (9th Cir. 2016). If the party seeking amendment "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. Thus, "[a]lthough the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.*

### III. DISCUSSION

In the instant case, the DNC Defendants assert that they were not able to meet the January 31, 2017 deadline to conduct an IME as to Plaintiff Harrison, due to the amount of time it took to depose him. (DNC Mot. at 1-2.) Specifically, the DNC Defendants state that although Plaintiff Harrison's deposition was started on November 21, 2016, the DNC Defendants were not able to complete the deposition "due to repeated accommodations provided to [Plaintiff] Harrison's alleged medical condition." (*Id.* at 2.) These accommodations included "limiting questions to approximately two hours per day, conducting the deposition in darkened rooms with no artificial lighting, and moving recent sessions of the deposition to a location closer to [Plaintiff] Harrison's home." (*Id.*) Thus, Plaintiff Harrison's deposition was started on November 21, 2016, and continued on November 22, 2016, January 11, 2017, and January 12, 2017, before being completed on March 15, 2017. (*Id.*; *see also* United States Resp. at 2-3.)

In opposition, Plaintiff Harrison argues that the DNC Defendants and the United States were aware of Plaintiff Harrison's neurological ailments "well in advance of the first deposition," based on medical, psychological, and economic records received prior to initiating the deposition. (Harrison Amend. Opp'n at 1.)[1] Plaintiff Harrison also argues that he had discussed his neurological symptoms in earlier deposition sessions, including an "extensive discussion of [Plaintiff Harrison's] neurologist in the January 11th . . . session." (*Id.* at 4.) Further, Plaintiff Harrison notes that his counsel had advised Defendants that Plaintiff Harrison's deposition would

---

[1] The Court exercises its discretion and considers only the amended opposition, rather than disregarding the opposition entirely, as requested by the DNC Defendants.

4

require two sessions.[2] (*Id.*; *see also* Collins Decl. ¶ 5, Dkt. No. 205-1.) Thus, Plaintiff Harrison contends that the DNC Defendants and the United States were not diligent in seeking to conduct the IME before the January 31, 2017 deadline, and that there is no good cause for extending the deadline. Notably, Plaintiff Harrison does not suggest there would be any prejudice resulting from an extension of the IME deadline.

Having reviewed the parties' filings, the undersigned finds it appropriate to modify the pretrial scheduling order's IME deadline. The DNC Defendants and the United States were diligent in their efforts to meet the pretrial scheduling order's deadlines because it was reasonable to delay conducting the IME until after the completion of Plaintiff Harrison's deposition. While the existence of Plaintiff Harrison's neurological symptoms were known to the DNC Defendants and the United States prior to the IME deadline, the DNC Defendants rightly point out that "the full *scope* of [Plaintiff] Harrison's neurological ailments and their effect on his daily life were not clear until the completion of his deposition." (DNC Reply at 2 (emphasis added).) During the March 15, 2017 deposition, Plaintiff Harrison discussed medical issues, identifying "[c]hronic headaches, including migraines, fatigue, anxiety, occasional depression," before further discussing his symptoms. (English Decl., Exh. A at 347:2-3, Dkt. No. 208-1; *see also id.* at 348:4-349:13 (memory problems); 352:18-24 (difficulty speaking); 353:4-15 (computational abilities); 398:9-399:10 (migraines); 401:15-403:25 (impact on daily life).) Without a complete deposition, the entire deposition testimony could not be presented to a medical expert for their consideration. (*See* DNC Mot. at 4; United States Resp. at 3.) In short, both the DNC Defendants and the United States were reasonably diligent in not seeking an IME until after Plaintiff Harrison's deposition was completed. Further, the delay in the completion of Plaintiff Harrison's deposition was not the result of lack of diligence on the part of either Defendants, but an accommodation to Plaintiff Harrison given his medical condition.

In light of these events, the undersigned finds there is good cause and GRANTS the DNC

---

[2] In the opposition, Plaintiff Harrison's counsel states that he advised defendants that the deposition would require "multiple sessions." (Harrison Amend. Opp'n at 4.) The e-mail sent by Plaintiff Harrison's counsel, however, states his belief that the "deposition will take two sessions." (Collins Decl., Exh. C.) Again, the deposition ultimately took five sessions, including one session that was shortened due to the court reporter having equipment problems.

Defendants' motion to modify the pretrial scheduling order's deadline to complete Plaintiffs' depositions and IMEs. The undersigned finds, however, that the relief sought by the DNC Defendants is overbroad, as it seeks to extend the deadline to complete all Plaintiffs' depositions and IMEs to April 30, 2017, rather than being limited to Plaintiff Harrison. Both the DNC Defendants' and the United States's papers are limited to a discussion of the IME of Plaintiff Harrison, and the DNC Defendants' counsel confirmed to the Mann Plaintiffs' counsel that the intent of the motion was meant to be focused only on Plaintiff Harrison. (Hy Decl. ¶ 3, Dkt. No. 203-1.) Therefore, the undersigned will extend the pretrial scheduling order's deposition and IME deadline with respect to an IME of Plaintiff Harrison only, to allow the DNC Defendants to conduct a neurology IME and the United States to conduct a psychiatric IME of Plaintiff Harrison.[3] The motion to continue the deadline to complete Plaintiffs' depositions and IMEs as to all other Plaintiffs is DENIED, and the deadline remains January 31, 2017.

IT IS SO ORDERED.

Dated: April 12, 2017

_____
KANDIS A. WESTMORE
United States Magistrate Judge

---

[3] While Plaintiff Harrison argues that the DNC Defendants' motion to modify the deadline to complete Plaintiffs' depositions and IMEs should be limited specifically to a neurology IME, Plaintiff Harrison provides no legal or factual basis for why the relief sought should be so limited. (*See* Harrison Opp'n at 5.)

6