UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE YOSEMITE NATIONAL PARK
HANTAVIRUS LITIGATION

Case No. 14-md-02532-MMC (KAW)

**ORDER REGARDING DISCOVERY LETTER BRIEF**

Re: Dkt. No. 214

On May 1, 2017, the Badani Plaintiffs and Defendant United States of America filed a joint discovery letter, regarding the United States's request to reopen the deposition of Plaintiff Rupal Badani. (Dkt. No. 214 at 1.) The Court deems the matter suitable for disposition without a hearing pursuant to Civil Local Rule 7-1(b). Having reviewed the letter and the relevant legal authority, the Court DENIES the United States's request to reopen Plaintiff Badani's deposition.

Here, the United States seeks to depose Plaintiff Badani on her remarriage, specifically the effect of her remarriage on her children's home life. (Dkt. No. 214 at 2.) The United States argues that this information is probative to the amount of damages sought by the Badani children due to the loss of their father. (*Id.* at 3 ("Testimony regarding their domestic life since losing their father, including their stepfamily, is probative to Plaintiffs' claims to long-term psychological impact, including any expert opinions Plaintiffs may offer addressing the lifetime impact of losing their father").)

As Plaintiffs point out, however, "the California Supreme Court long ago deliberately established the rule that the damages resulting from a wrongful death are to be measured at the time of death and that the amount thereof is not affected by subsequent events." *Cavallaro v. Michelin Tire Corp.*, 86 Cal. App. 3d 95, 108 (1979). The rationale for this rule "is that the cause

of action arises at the time of decedent's death and the damages are determinable as of the same time, and that the rule providing for mitigation of damages on account of the surviving spouse's remarriage is highly speculative, because it involves a comparison of the prospective earnings, services, and contributions of the deceased spouse with those of the new spouse." *Benwell v. Dean*, 249 Cal. App. 2d 345, 356 (1967). Thus, evidence of remarriage has long been excluded in wrongful death cases.

The United States points to no case law that contradicts this long-standing rule, and the Court sees no reason why this same rationale should not be applied to the children of a remarried widow. California has recognized that damages for wrongful death "are not limited to compensation for losses with 'ascertainable economic value,'" but include "the value of the benefits the heirs could reasonably expect to receive from the deceased if [he] had lived. These benefits include the personal services, advice, and training the heirs would have received from the deceased, and the value of [his] society and companionship." *Allen v. Toledo*, 109 Cal. App. 3d 415, 423 (1980). The loss of such benefits is not affected by remarriage. As the remarriage therefore has no relevance to the United States's defense, there is no reason to reopen Plaintiff Badani's deposition to question her about her remarriage.[1] For that reason, the United States's request is DENIED.

IT IS SO ORDERED.

Dated: May 4, 2017

KANDIS A. WESTMORE
United States Magistrate Judge

---

[1] While the United States suggests that counsel for the Badani Plaintiffs should not have withheld deposition testimony of the remarriage on relevance grounds, counsel also raised privacy objections. (Dkt. No. 214, Exh. 1 at 12:12, Exh. 2 at 28:6, Exh. 3 at 32:10.) The United States does not challenge the applicability of the privacy objection, but argues that privacy is not "an absolute bar to discovery, but instead is subject to the balancing of needs." (Dkt. No. 214 at 3.) As discussed above, however, the United States has not established there is a need for this testimony where evidence about Plaintiff Badani's remarriage is not relevant to the calculation of damages; thus, the balance of needs supports the privacy objection.